LEERBURGER v. UNITED STATES.

(Circuit Court, S. D. New York.   June 11, 1907.)

No. 4,133.

1. CUSTOMS DUTIES—PROTEST—SUFFICIENCY.

An importer contended in his protest that merchandise was "woven fabrics in the piece, dyed," and dutiable "at 60 cents per pound," when he should have contended for 50 cents per pound, the rate on goods in the gum; the relevant portion of the tariff act being: "If in the gum, fifty

cents per pound, and if dyed in the piece, sixty cents per pound." *Held*, that the protest was a sufficient reference to the proper provision to satisfy the requirements of Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933].

**2. SAME—REFERENCE TO WRONG PARAGRAPH.**

An importer in his protest contended that merchandise should have been classified under Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 388, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1670], the terms of which were inapplicable to such goods; and the language of the protest showed that he had intended to refer to paragraph 387, which did apply. *Held*, that the protest should be considered as referring to the latter paragraph.

On Application for Review of a Decision of the Board of United States General Appraisers.

In the decision below the Board of General Appraisers affirmed the assessment of duty by the collector of customs on merchandise imported by George Leerburger, on the ground that, though the goods had been improperly assessed, the importer was not entitled to relief, because his protest did not satisfy the requirements of Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933]. This section provides that importers' protest must set forth "distinctly and specifically" the "objections" to the assessment. The pertinent portion of the paragraph under which the merchandise should have been classified is as follows: "Woven fabrics in the piece, not specially provided for in this act, weighing not less than one and one-third ounces per square yard and not more than eight ounces per square yard, and containing not more than twenty per centum in weight of silk, if in the gum, fifty cents per pound, and if dyed in the piece, sixty cents per pound, * · * * but in no case shall any of the foregoing fabrics pay a less rate of duty than fifty per centum ad valorem." Extract from Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 387, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1669].

The importer asserted in his protest that the goods were dutiable "at 60 cents per pound (or 50 per cent. ad valorem) under the first clause of paragraph 388, * * * being woven fabrics in the piece, dyed, weighing not less than 1⅓ ounces nor more than 8 ounces per square yard, and containing not more than 20 per cent. in weight of silk."

The Board observed as follows in the opinion filed in the case: "Howell, General Appraiser. The alternative claim that the goods are dutiable under paragraph 388 is undoubtedly a clerical error. The language used in setting forth the claim under this paragraph shows that the importer intended to cite paragraph 387, which contains the provision for woven silk fabrics, and we therefore construe this claim as having been made under that paragraph. Shaw v. U. S., 122 Fed. 443, 58 C. C. A. 425; U. S. v. Hunter (C. C.) 124 Fed. 1005; Weil v. U. S. (C. C.) 124 Fed. 1006. But, even construing this claim as having been made under paragraph 387, the protest is nevertheless insufficient, for the importer has failed to point out the provision of the statute which actually controls. The goods are not "piece dyed" goods dutiable at the rate of "60 cents per pound," but not less than 50 per cent. ad valorem, as claimed, but are woven silk fabrics "in the gum," dutiable at the rate of 50 cents per pound, but not less than 50 per cent. ad valorem. The protest is therefore overruled for failure to make the proper claim, without an affirmance of the decision of the collector. U. S. v. Bayersdorfer, 126 Fed. 732, 62 C. C. A. 16; Hanano v. United States (D. C.) Estee's Hawaiian Rep. 344 (T. D. 24,-946); U. S. v. Fleitmann, 137 Fed. 476, 69 C. C. A. 624.

D. Macon Webster, for importer.
J. Osgood Nichols, Asst. U. S. Atty.

MARTIN, District Judge. The petitioner prays for a review of the decision of the Board of United States General Appraisers as to

the rate and amount of duty on certain merchandise imported by him by steamer St. Louis, November 12, 1900.

The merchandise consists of woven fabrics in the piece weighing not less than 1⅓ ounces nor more than 8 ounces per square yard, to wit, 1.37 ounces per square yard, and containing not more than 20 per cent. in weight of silk in the gum, dutiable at the rate of 50 cents per pound, but not less than 50 per cent. ad valorem, as specially provided for in Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 387, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1669]. Duty was assessed by the collector at the rate of 8 cents per square yard and 30 per cent. ad valorem, under the provisions of paragraph 311 of said act. The collector found that cotton was the component material of chief value. The Board of Appraisers found that the chief value was of silk, and I affirm that finding. The fabrics in this case are the same as those involved in a previous case between the same parties, except in this case the goods were imported in the gum, while in the previous suit they were piece dyed. In the previous case the court found that the chief value was silk, the same as it is in this case. No claim was made on hearing but that an error was made by the collector; but the government insists that the protest does not distinctly and specifically set forth the importer's reasons for his objection to the action of the collector, in that:

First. He refers to paragraph 388, instead of 387.

Second. He refers to the fabrics as being dyed in the piece, instead of being in the gum. The Board of Appraisers excused the error as to the paragraph as being clerical, but overruled the protest without affirmance of the decision of the collector because the word "dyed" is used in the protest. I concur with the ruling of the Board as to the error in the protest being clerical in reference to the paragraph, but to hold that the government should keep the excess of duties collected because the word "dyed" is used in the protest seems to me more technical than just. The importer, in using the word "dyed" in his protest, made an error against himself of 10 cents per pound, provided no reference is made to the provision for 50 per cent. ad valorem. This error evidently arose from the fact that the goods involved in the previous case were fabrics dyed in the piece. The question of fact in dispute between the importer and the collector in the previous case and in this case was as to whether cotton or silk was the component material of chief value. In the former case, that fact was found with the importer, the same as that fact is now found with the importer in this case. The protest distinctly and correctly sets forth the date, place, and manner of importation, the material of which the goods were manufactured, the chief value of such material, and as being woven fabrics in the piece, weighing not less than 1⅓ ounces nor more than 8 ounces per square yard, and containing not more than 20 per cent. in weight of silk. If no reference had been made in the protest to any paragraph of the tariff act, such a description must have directed the collector's attention to such provisions of the law as relate to woven fabrics in the piece, of the weight therein described, and containing not more than 20 per cent. in weight of silk, and, whether dyed in the piece or in the gum, the duty must be at least 50 per cent. ad valorem and up to 50 cents per pound if in the gum, and 60 cents

per pound if dyed in the piece, as provided in said paragraph 387. Whether it should be 50 or 60 cents a pound he could readily ascertain by looking at his sample. It was evident from the sample produced at the hearing that it was not dyed in the piece, but was in the gum. The error in the use of the word "dyed" was evidently not misleading, and was harmless. Former litigation must be construed to have established beyond further question that the fabrics made of this material do not come within the provisions of paragraph 311. The use of the word "dyed" in the protest thus—"being woven fabrics in the piece, dyed, weighing," etc.—I regard as superfluous, or at least a clerical error.

Wherefore the decision of the Board of Appraisers in overruling the protest is reversed.